United States District Court
Northern District of Indiana

-FILED-
FEB 01 2021
At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Herman L. Banks

2:21cv45

v.

Ofc. D. Evans
Sgt. B. Brnicky

# Plantiffs Complaint Under 42 U.S.C. § 1983

## I. Jurisdiction and Liability

Comes now, Herman L. Banks, Pro Se Plantiff, who complains of defendants, and for their cause of actions, alleges and says as follows. The district court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction over cases arising under the constitution, laws, or treaties of the United States. The jurisdiction of the court over the state law claims based on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), which extends the jurisdiction of federal district courts, to all claims that are sufficiently related to the claim or claims, on which their jurisdiction is based on to be part of the same case or controversy within the meaning of Article III of the Federal Constitution.

## II. Defendants

Defendant Evans, at all times relevant to this cause of action, is a active police officer employed by the Gary Police Dept. located at 555 Polk St., Gary, Indiana. Defendant Evans is responsible for responding to dispatch calls making sure the City of Gary, along with its residents, are safe, in addition to ensuring that all victims and/or suspects constitutional rights are not violated. Defendant Evans is responsible for the matter regarding this case.

Defendant Brnicky, at all times relevant to this cause of action, is an active police Sergeant employed by the Gary Police Dept. located at 555 Polk St., Gary, Indiana. Defendant Brnicky is responsible for the supervision of some fellow employees, and for the well-being of the City of Gary. Defendant Brnicky is also responsible for protecting the constitutional rights of all residents, victims, and suspects, in addition to being responsible for answering dispatch calls involving the violation of state and federal laws ensuring the safety of the city and/or civilians being residents and/or visitors. Defendant Brnicky is responsible for the matter regarding this case.

## III. Nature of Claims.

Both of the defendants, individually, and in their official capacity, acted singular, and in conspiracy, to engage in conduct to achieve their goal of deprivation of Herman Banks' federally protected rights. The defendants' conduct violated Herman Banks' 4th and 14th Amendment under the United States Constitution. On September 29, 2019, at approximately 5 a.m., Herman Banks was getting ready to leave the Buzz Box Lounge located on the 1800 Block of Massachusetts Street in Gary, Indiana. Before departing said location, defendants D. Evans and B. Brnicky responded to a call for a male inside of a car for about 2 hours with the lights on. Defendants Evans and Brnicky arrived at the said location in two police cruisers, positioning them with one in the back of Herman Banks' vehicle, and the other one cutting off Herman Banks' vehicle in the front, preventing Mr. Banks from driving off or leaving. Once the defendants realized they had unlawfully seized Mr. Banks' vehicle, the defendants then exited their police cruisers, walked up to Mr. Banks' driver's door, and yanked it open without Mr. Banks' permission or consent. Defendant Evans began yelling at Mr. Banks, demanding that Mr. Banks tell him where he was from and what he was doing outside of the said location while flashing his flashlight throughout the interior of Mr. Banks' vehicle. There was no need to open Mr. Banks' driver's door just to question him. This was an unlawful seizure of Mr. Banks' person. The driver's door window was already down when defendants Evans and Brnicky approached Mr. Banks' vehicle. Defendant Evans then demanded that Mr. Banks provide some identification, which Mr. Banks immediately provided. Mr. Banks offered to give defendant Evans valid insurance for the vehicle also but defendant Evans refused to accept it. Defendant Evans then ran the information to dispatch from the valid paper form Indiana Driver's License that Mr. Banks had provided. While waiting for a records and license check from dispatch, defendants Evans and Brnicky continued to survey the interior of Mr. Banks' vehicle with the driver's door still open, seeing nothing out in the open or in plain view. Finally, dispatch responded stating that Mr. Banks' driving privileges were valid and Mr. Banks had no warrants or holds. Defendant Evans then requested and demanded that Mr. Banks exit his vehicle. Mr. Banks then asked defendant Evans what was the reason for him exiting his vehicle and defendant Evans again requested and demanded that Mr. Banks exit his vehicle. Mr. Banks assured to defendant Evans that he was fine

and that he would be proceeding on his way but defendant Evans insisted that I exit my vehicle and that he knew me from prior police contact and wanted to make sure that I didn't have anything that I wasn't supposed to have and again demanded that I exit my vehicle. I exited my vehicle and defendant Evans immediately grabbed my left arm and walked me to the rear of my vehicle. Defendant Brnicky then began to search my vehicle which resulted in defendant Brnicky allegedly locating a Glock 23 firearm with an extended magazine. Defendant Evans then handcuffed me and placed me in the back of his police cruiser for PC Felon In Possession of a Handgun.

## Statement of Claim

As an initial matter, the defendants violated Herman Banks' 4th and 14th Amendment by improperly seizing his person and vehicle, depriving him of his liberty without due process of law, and forcing him to exit his vehicle to perform an illegal search. Defendants D. Evans and B. Brnicky, upon responding to a check the welfare call, placed and positioned their vehicles in front of, and in back of Herman Banks' vehicle, preventing him from driving off, and making it impossible to terminate the encounter. Both defendants then exited their police cruisers, walked up to Mr. Banks' driver's door, and opened it without Mr. Banks' consent or permission. Defendants Evans and Brnicky had no reasonable suspicion or probable cause that a crime was being committed or about to be committed. Defendants Evans and Brnicky then demanded that Mr. Banks provide some type of identification after questioning him for a few minutes. A valid Indiana driver's license was provided to the defendants, and after confirming that Mr. Banks' driving privaleges were valid with no warrants or holds, defendants Evans and Brnicky demanded that Mr. Banks exit his vehicle. Defendants then initiated an illegal search of Mr. Banks' vehicle. Both defendants in this case are responsible for conducting an illegal search and seizure violating the 4th Amendment under the United States Constitution. Both defendants are also responsible for the unjustified intrusion on Mr. Banks' personal security violating the 14th Amendment under the United States Constitution.

## Legal Claims

### Claim 1: Unreasonable Search and Seizure - 4th Amendment Violation

Defendants D. Evans and B. Brnicky violated Herman Banks' 4th Amendment right under the United States Constitution by seizing Mr. Banks' vehicle unlawfully, opening Mr. Banks' driver's door without his permission or consent, without reasonable suspicion or probable cause, and by restraining his freedom of movement by demanding that Mr. Banks exit his vehicle which led to an illegal search. Defendant Evans and defendant Brnicky were dispatched to the 1800 Block of Massachusetts Street in Gary, Indiana for a "check-the-welfare" call. Upon arriving on the scene, defendants Evans and Brnicky observed Herman Banks sitting in his vehicle, approached the driver's door, and forcefully pulled the driver's door open without Mr. Banks' consent or permission, and no probable cause or reasonable suspicion existed to justify the forced entry into Mr. Banks' vehicle. Before the forced entry into Mr. Banks' vehicle was initiated, defendants Evans and Brnicky arrived on the scene, and blocked Mr. Banks' path, seized his vehicle illegally, and prevented him from leaving positioning their police cruisers behind and in front of Mr. Banks' vehicle. In (United States v. Urgelles, 362 F. Supp. 3d 1175), the court concluded that when the officer approached the defendants' vehicle and opened the car's door, and began questioning the defendants without permission, consent, or probable cause, the officer violated the defendants 4th Amendment right under the United States Constitution to be secured in their persons, houses, papers, and effects against unreasonable searches and seizures. The defendants were seized unlawfully because the encounter was not consensual, but a show of authority that would have led a reasonable person to believe he was not free to end the conversation and leave. The facts available to the officers the moment the seizure occured did not support reasonable suspicion or articulate a "particularized and objective basis" to think that the defendants had engaged or were about to engage in criminal activity.

### Claim 2: The Due Process Clause - 14th Amendment Violation

Defendants D. Evans and B. Brnicky violated Herman Banks' 14th Amendment right under the United States Constitution by

invading his personal security with an unjustified intrusion into his vehicle. Defendants Evans and Brnicky were responding to a call from dispatch which came from an unknown victim who was not on the scene. The victim caller stated that it was a male sitting inside of a car for about 2 hours with the lights on. The caller gave no description of the male or the type of vehicle he was in. The caller didn't mention anything about illegal activity, or about seeing any illegal activity. Defendants Evans and Brnicky violated the 14th Amendment under the United States Constitution with their unjustified intrusion into Mr. Banks' vehicle without reasonable suspicion or probable cause that a crime was being committed, or a crime was about to be committed. The defendants' conduct was purposeful, flagrant, and obvious. The defendants knew at the time that their conduct was unconstitutional but engaged in it nevertheless. Defendant Evans and defendant Brnicky's misconduct was investigatory in design and purpose and executed in the hope that something might turn up. All of the circumstances surrounding Mr. Banks' arrest were unlawful at its deception. Defendant Evans and defendant Brnicky can't explain these unconstitutional violations. Mr. Banks' just treatment was totally unfair. This encounter has left Mr. Banks mentally and emotionally scarred without due process of law. This combination of unconstitutional decisions by the defendants enabled a host of aggressive and intrusive police tactics. Police officers are trained to exploit those powers as the defendants did in their search for "bigger and better things." The sole basis for the intrusive investigatory stop was to check the welfare of a man who had allegedly been sitting inside of a car for about 2 hours with the headlights on. No one knows for sure how long Mr. Banks was sitting inside of the car. The caller was not on the scene and gave no description of any person or vehicle. Upon approaching Mr. Banks' vehicle, defendant Evans and defendant Brnicky didn't observe anything unusual about Mr. Banks' conduct so nothing can reasonably warrant the intrusion into Mr. Banks' vehicle by defendant Evans and defendant Brnicky. When the defendants approached Mr. Banks' vehicle, the driver's door window was already down so the decision to open Mr. Banks' door without his permission or consent was unlawful. The defendants never announced their presence and that left Mr. Banks no other choice but to yield to their show of authority and demands

Officers have to be able to point to specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant that intrusion. The only facts that defendant Evans and defendant Brnicky could point to was that they observed a black vehicle (2013 Lincoln MKS bearing IN registration-BFK549) stationary with the engine running on the west side of the street with the headlights on, the driver's side window down, and a male bbc sitting behind the steering wheel. No one is for certain how long Mr. Banks had been in the vehicle. Defendant Evans and defendant Brnicky could have first inquired whether Mr. Banks was okay or not, but instead they illegally seized Mr. Banks, surpassing the welfare check, which led to the seizure of a firearm from an illegal search in this case, which is the fruit of the poisonous tree. The governmental interests in this case was based on a check-the-welfare complaint made by a caller that was not on the scene. The caller simply stated that it was a male inside of a car for about 2 hours with the lights on. The alleged governmental interests is stale in comparison to the intrusion on personal security from this seizure. (United States v. Johnson, 874 F.3d 571)

## Exhaustion of Administrative Remedies

The plantiff asserts that there are no available administrative remedies known that need exhaustion before filing this suit. Also, there are no known policies or procedures that need exhaustion before filing this suit.

## Relief

The plantiff is respectfully requesting the relief stated below:

1) The plantiff is respectfully requesting that a declaratory judgement be entered in his favor regarding both defendants.

2) The plantiff is respectfully requesting compensatory damages in the amount of $75,000 individually from both defendants for the violation of his federally protected rights.

3) The plantiff is respectfully requesting punitive damages in the amount of $75,000 individually from both defendants to deter any future violation of plantiff's federally protected rights, as well as for the pain and suffering the plantiff has endured from these violations.

4) The plantiff respectfully request that a trial by jury be held.

5) The plantiff is also seeking any and all other relief that this court may deem just and fit.

## Certificate of Service

I certify that a true and correct copy of this said complaint pursuant to 42 U.S.C. §1983 has been served upon the clerk of this said court for prompt filing.

Respectfully Submitted,
Herman L. Banks
*Herman L. Banks*
Lake County Jail
2293 N. Main St.
Crown Point, IN 46307
WA-309

TO: Robert N. Trgovich
From: HERMAN L. BANKS

RE: 42 U.S.C. §1983 Complaint

Dear Clerk,

Enclosed you'll find a Plantiff complaint pursuant to 42 U.S.C. §1983 with additional documents. Please send me, Herman L. Banks, a filed stamp copy of all enclosed documents. Thank you for your time and patience.

Respectfully Submitted,
Herman L. Banks